**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| First Power Corporation, | No. CV-14-02682-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| S & C Electric Company, | |
| Defendant. | |

Defendant S&C Electric Company ("S&C") has filed a motion for leave to amend its counterclaim.  Doc. 32.  Plaintiff First Power Corporation ("First Power") has filed a motion for leave to file a supplemental response to Defendant's motion.  Doc. 46.  The motions are fully briefed.  The Court will grant Defendant's motion and deny Plaintiff's motion.

**I.      Legal Standard.**

Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001).  This liberality "is not dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or

futility of the proposed amendment.  *See Foman*, 371 U.S. at 182.  Generally, however, "this determination should be performed with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## II.   Analysis.

S&C moves to amend its Answer to include additional counterclaims for fraud and trademark infringement.  Doc. 33-1, ¶¶ 36-61.  First Power opposes addition of the fraud claim.  Doc. 40 at 2.  It argues that the claim is futile and that S&C failed to plead it with particularity under Rule 9(b).  In its fraud claim, S&C alleges the following:

> 37.   First power represented to S&C that it would jointly develop and participate in mutually beneficial opportunities, transactions, and arrangements as set forth in Paragraph 2 of the Agreement.
>
> 38.   At the time that First Power made the representation, that representation was material and false and First Power knew it was false at the time it was made.
>
> 39.   Indeed, First Power never intended to abide by its commitment. First Power made the representation with the intent and expectation that S&C would rely and act on it in a manner reasonably contemplated.
>
> 40.   S&C had a right to rely on First Power's representation.
>
> 41.   S&C in fact relied on First Power's representation when deciding to enter into the Agreement.
>
> 42.   As a result of First Power's intentional misrepresentation, S&C has been damaged and is entitled to compensation for those damages.

Doc. 33-1, ¶¶ 37-42.

### A.   Motion to Amend.

First Power argues the fraud claim is futile because S&C has admitted that First Power performed at least some of its contractual obligations, and therefore S&C cannot show that First Power intended to deceive it at the time of the representation.  It also argues S&C failed to plead the claim with particularity under Rule 9(b).

- 2 -

In analyzing futility, courts generally look to whether the amendment would be sufficient to withstand a Rule 12(b)(6) motion to dismiss.  *See Townsend v. University of Alaska*, 543 F.3d 478, 486 n.6 (9th Cir. 2008) (noting that the "basis for futility is more accurately characterized as a failure to state a claim for relief").  In order to prevail on a fraud claim under Arizona law, a claimant must show:

> 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the representation's falsity or ignorance of its truth; 5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the right to rely on it; and 9) his consequent and proximate injury.

*Echols v. Beauty Built Homes*, 647 P.2d 629, 631 (Ariz. 1982); *see Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) (citing *Echols*).  A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

S&C alleges promissory fraud – fraud in which the misrepresentation alleged is "the making of a promise without intent to perform."  *Trollope v. Koerner*, 470 P.2d 91, 100 (Ariz. 1970).  "Unless the plaintiff can prove that the defendant intended to deceive the plaintiff at the time the representation was made, the claim cannot stand."  *McAlister v. Citibank*, 829 P.2d 1253, 1260 (Ariz. Ct. App. 1992).

The Court finds S&C sufficiently alleged the elements of a claim for promissory fraud under Arizona law and Rule 9(b).  The amended complaint alleges that on

August 12, 2013, First Power made a representation through its Managing Director, Michael Horner, that it would "jointly develop and participate in certain mutually beneficial opportunities," but that it never actually intended to perform this obligation. Doc. 33-1, ¶¶ 5, 6, 37. S&C alleges that First Power knew the representation was false and that S&C would rely on it. The allegations provide the who, what, when, and how regarding the alleged fraud, which the Court finds "specific enough to give [First Power] notice of the particular misconduct which is alleged to constitute the fraud[.]" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). In addition, the fact that S&C has admitted that First Power brought some mutually beneficial opportunities to S&C does not necessarily render the claim futile. This is a factual issue to be addressed at summary judgment or trial. For purposes of a Rule 12(b)(6) motion, which is the effective standard for judging futility of a proposed amendment, *Townsend*, 543 F.3d at 486 n.6, the Court must assume the allegations of S&C's counterclaim are true. S&C's motion to amend will be granted.

### B. Motion for Leave to File Supplemental Response.

First Power has filed a motion for leave to submit a supplemental response, arguing that S&C improperly raised a new argument in its reply. The Court, however, did not rely on S&C's reply brief in the above analysis. The motion therefore will be denied as moot.

**IT IS ORDERED:**

1.  Defendant's motion for leave to amend (Doc. 32) is **granted**. Defendant shall file its amended document with the clerk of court on or before **May 20, 2015.**

2.  Plaintiff's motion for leave to file a supplemental response (Doc. 46) is **denied**.

Dated this 15th day of May, 2015.

David G. Campbell
United States District Judge